Peter O'SHANNESSY, Plaintiff,

v.

**John J. DOLL, Commissioner
of Patents, Defendant.**

Action No. 1:08cv01.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 20, 2008.

Amy Epstein Gluck, Roetzel & Andress LPA, Donald R. Dinan, Hall, Estill, Hardwick, Gable, Golden & Nelson, Washington, DC, for Plaintiff.

Dennis Carl Barghaan, Jr., United States Attorney's Office, Alexandria, VA, for Defendant.

### *MEMORANDUM ORDER*

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on the parties' cross motions for summary judgment. This case concerns the United States Patent and Trademark Office's ("USPTO") interpretation of the term "pa-

per(s) and fee(s) that constitute the correspondence" as used in the USPTO's regulations governing the filing date accorded patent applications and other related documents filed with the agency via the United States Postal Service ("USPS")'s "Express Mail" service. The issue before the Court is whether the USPTO's decision, that a return receipt postcard is not included as a part of "the paper(s) or fee(s) that constitute the correspondence" filed with the agency via the USPS's "Express Mail" service, is plainly erroneous or inconsistent with the regulation thereby rendering the agency's denial of Plaintiff's petition to accord his patent application an earlier filing date arbitrary and capricious. The Court holds that the USPTO's decision is not arbitrary and capricious because the USPTO's interpretation of the term "the paper(s) or fee(s) that constitute the correspondence" as excluding a return receipt postcard is not plainly erroneous or inconsistent with the agency's regulations governing the filing date of patent application by deposit with the USPS. The Court accordingly denies Plaintiff O'Shannessy's Motion for Summary Judgment and grants

Defendant Doll's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Peter O'Shannessy, a resident of Australia, through his counsel, filed a patent application utilizing the USPS's "Express Mail" service for an invention entitled "Hand Tool Support." A self-addressed stamped postcard was included in the "Express Mail" package for the purpose of acknowledging of the agency's receipt of Plaintiff's patent application materials. Prior to mailing the "Express Mail" package, Plaintiff's representative placed the "Express Mail" mailing label number on the return receipt postcard. The mailing label number does not appear on any other document sent in the "Express Mail" package. The "date-in" box on the "Express Mail" mailing label affixed to the package indicated that the USPS accepted the package on June 24, 2005. Pursuant to Rule 10 of the USPTO's regulations governing patent applications, the agency accorded the application a filing date of June 24, 2005.[1]

On August 1, 2005, Plaintiff filed a petition, pursuant to Rule 10(d)[2] claiming that

1. Rule 10(a) of the USPTO's regulations provides that "[a]ny correspondence received by the U.S. Patent and Trademark Office (USPTO) that was delivered by the 'Express Mail Post Office to Addressee' service of the United States Postal Service (USPS) will be considered filed with the USPTO on the date of deposit with the USPS." 37 C.F.R. § 1.10(a) (2007).

2. Rule 10(d) of the USPTO's regulations provides as follows:

Any person filing correspondence under this section that was received by the Office and delivered by the 'Express Mail Post Office to Addressee' service of the USPS, who can show that the 'date-in' on the 'Express Mail' mailing label or other official notation entered by the USPS was incorrectly entered or omitted by the USPS, may petition the Director to accord the corre-

spondence a filing date as of the date the correspondence is shown to have been deposited with the USPS, provided that:

(1) The petition is filed promptly after the person becomes aware that the Office has accorded, or will accord, a filing date based upon an incorrect entry by the USPS;

(2) The number of the 'Express Mail' mailing label was placed on the paper(s) or fee(s) that constitute the correspondence prior to the original mailing by 'Express Mail'; and

(3) The petition includes a showing which establishes, to the satisfaction of the Director, that the requested filing date was the date the correspondence was deposited in the 'Express Mail Post Office to Addressee' service prior to the last scheduled pickup for that day. Any showing pursuant to this paragraph must

his representative had "deposited the Express Mail package" that contained his patent application "with the Express Mail Post Office to Addressee" receptacle at his place of business prior to the last scheduled pickup on the day prior to the date that was indicated on the "Express Mail" mailing label—June 23, 2005. Between August 2005 and July 2007, Plaintiff filed a total of five petitions seeking revision of the filing date the USPTO accorded his patent application. During this time period, the USPTO did not deny his petitions outright; rather, it continued to allow Plaintiff to augment his arguments and evidentiary submissions.

On July 13, 2007, the USPTO issued its final decision denying Plaintiff's renewed petition to modify the filing date the agency accorded his application, (A.R. 184). The USPTO's decision affirmed its previous ruling of June 16, 2006 that Plaintiff could not establish the second requirement of Rule 10(d) that the "Express Mail" mailing label number was placed on "the paper(s) or fee(s) that constitute the correspondence" Plaintiff filed with the agency. In so doing, the USPTO determined that "a postcard is not a part of the application correspondence—it is returned to applicant." (A.R. 88).

Plaintiff subsequently filed this declaratory judgment action seeking judicial review of the USPTO's decision under the Administrative Procedure Act.

## II. DISCUSSION

### A. Standard of Review

The lawsuit is a declaratory judgment action for judicial review of agency action under the Administrative Procedure Act

("APA"). "A court must review an agency regulation promulgated pursuant to 5 U.S.C. § 553 under the "arbitrary and capricious" standard of 5 U.S.C. § 706(2)(A)." *Tafas v. Dudas*, 530 F.Supp.2d 786, 793 (E.D.Va.2008). In determining whether agency action violates § 706(2)(A), a court performs "only the limited, albeit important, task of reviewing agency action to determine whether ... the agency has committed a clear error of judgment." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (internal quotations omitted). "[T]he ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

### B. Analysis

■ The Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment because the USPTO's interpretation of the term "the paper(s) or fee(s) that constitute the correspondence[,]" contained in Rule 10(d), as excluding return receipt postcards is not plainly erroneous or inconsistent with the regulation. The agency's denial of Plaintiff's petition for modification of the filing date accorded his patent application is therefore not arbitrary or capricious.

Plaintiff seeks judicial review of the USPTO's denial of his petitions to modify the filing date the agency accorded his patent application on the basis that the USPS entered the incorrect "date-in" date on the "Express Mail" mailing label. Congress authorized the USPTO in 1982 to

---

be corroborated by evidence from the USPS or that came into being after deposit and within one business day of the deposit of the correspondence in the 'Express Mail Post Office to Addressee' service of the USPS.
37 C.F.R. § 1.10(d).

consider a document filed with the agency on the date it was deposited with the USPS. *See* 35 U.S.C. § 21(a) (1982), *amended by* 35 U.S.C. § 21(a) (2002).[3] In so doing, Congress expressly instructed the USPTO to promulgate regulations to establish "[t]he requirements governing whether any given paper or fee may be given the filing date of the day on which it was, or would have been, deposited with the [USPS]." H.R. REP. No. 97–542, at 11 (1982), *reprinted in* 1982 U.S.C.C.A.N. 765, 775. The USPTO subsequently promulgated Rule 10, codified at 37 C.F.R. § 1.10 (2007), which provides that an application (or other paper or fee) would be "considered filed with the USPTO on the date of deposit with the USPS" if the filer deposited the application and related documents with the USPS's "Express Mail" service. 37 C.F.R. § 1.10(a)(1).

Rule 10 provides that the "date of deposit with the USPS is shown by the 'date in' on the 'Express Mail' label or other official USPS notation." 37 C.F.R. § 1.10(a)(2). The regulation instructs that:

> Correspondence should be deposited directly with any employee of the USPS to ensure that the person depositing the correspondence receives a legible copy of the 'Express Mail' mailing label with the 'date-in' clearly marked. Persons dealing indirectly with the employees of the USPS (such as by deposit in an 'Express Mail' drop box) do so at the risk of not receiving a copy of the 'Express Mail' mailing label with the desired 'date-in' clearly marked. The paper(s) or fee(s) that constitute the correspondence should also include the

'Express Mail' mailing label number thereon,

37 C.F.R. § 1.10(b).

The USPTO regulations also provide a potential remedy for applicants who believe the USPS entered the incorrect "date-in" date on the "Express Mail" mailing label. Pursuant to Rule 10(d), applicants may petition the Director of the USPTO to modify the filing date accorded correspondence filed with the agency through the USPS's "Express Mail" service. Relief will be granted if: (1) the petitioner files his petition promptly upon becoming aware that the USPTO has accorded his or her application a filing date based on an incorrect "date-in" entry on the "Express Mail" mailing label; (2) the number of the "Express Mail" mailing label was placed on the paper(s) or fee(s) that constitute the correspondence prior to the original mailing; and (3) the petition establishes that the requested filing date was the date the correspondence was deposited with the USPS's "Express Mail" service. 37 C.F.R. § 1.10(d)(1)(3).

Plaintiff's patent application was accorded a filing date of June 24, 2005, based on the USPS's notation of that date as the "date-in" on the "Express Mail" mailing label. Plaintiff petitioned the USPTO to accord his' application a filing date of June 23, 2005, on the basis that his representative had deposited his application with a USPS "Express Mail" receptacle on that date, prior to the last pick-up. The USPTO ultimately denied Plaintiff's petition because the "Express Mail" mailing label number *only* appeared on the self-addressed and pre-stamped postcard submitted with Plaintiff's application documents. (A.R. 88). The postcard was returned to

---

**3.** Section 21(a) provided that the "Director may by rule prescribe that any paper or fee required to be filed in the Patent and Trademark Office will be considered filed in the Office on the date on which it was deposited with the United States Postal Service...." 35 U.S.C. § 21(a) (1982), *amended by* 35 U.S.C. § 21(a) (2002).

Plaintiff's counsel as acknowledgment that the agency had received Plaintiff's patent application. The return receipt postcard, the USPTO determined, was not a part of the "paper(s) or fee(s)" comprising Plaintiff's application correspondence. (A.R. 88). Consequently, the agency denied Plaintiff's petition for failure to make the requisite showing under Rule 10(d)(2). The USPTO's decision is consistent with the agency's commentary on Rule 10(d):

> Correspondence actually received by the Office will not be denied a filing date as of the date of deposit with the USPS because the Express Mailing label number was not placed thereon prior to the original mailing. However, *the absence of the number of the Express Mail mailing label will preclude a party from obtaining relief on petition, under sections 1.10(c) through (e).*

*Communications with the Patent & Trademark Office,* 61 Fed.Reg. 56439, 56441 (Nov. 1, 1996) (emphasis added).

Plaintiff argues that the USPTO's denial of his petition was arbitrary and capricious because the agency's interpretation of the term "the paper(s) or fee(s) that constitute the correspondence" as excluding return receipt postcards is unreasonable and does not have a rational basis. The Court disagrees.

As previously discussed, the USPTO promulgated Rule 10(d) pursuant to its own authority to "establish regulations, not inconsistent with law" to "govern the conduct of" the agency's proceedings. 35 U.S.C. § 2(b)(2)(A) (2003). The agency did not, however, define the term "the paper(s) or fee(s) that constitute the correspondence" as it is used throughout Rule 10. *See generally* 37 C.F.R. § 1.10. Accordingly, the agency's interpretation of the term "the paper(s) or fee(s) that constitute the correspondence" as excluding return receipt postcards is afforded "con-

trolling weight unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); *see also Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

■ It is noteworthy that the Plaintiff contends that the USPTO's interpretation of the term "the paper(s) and fee(s) that constitute the correspondence" is "unreasonable" and lacks a "rational basis" and not that the agency's interpretation was plainly erroneous or inconsistent with the regulation. (Pl. Br. in Opp'n 2–4). Reasonableness or rational basis, however, is not the appropriate standard of review to apply to the agency's interpretation of Rule 10(d)—a regulation the agency promulgated at the direction of Congress—because the agency's decision does not involve the interpretation of an ambiguous statutory term. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "Deference to an agency's interpretation of its own regulations is broader than deference to the agency's construction of a statute, because in the latter case the agency is addressing Congress's intentions, while in the former it is addressing its own." *Cathedral Candle Co. v. USITC,* 400 F.3d 1352, 1363–64 (Fed.Cir.2005).

■ Nothing in the record, nor the regulation itself, suggests that the USPTO's ruling that a return receipt postcard is not a part of "the paper(s) or fee(s) that constitute the correspondence" is plainly erroneous or inconsistent with the agency's regulations regarding patent applications. The language of Rule 10(d) cannot be viewed in isolation from other sections and subsections of the regulation. *Federal Express*

*Corp. v. Holowecki*, ── U.S. ──, 128 S.Ct. 1147, 1155, 170 L.Ed.2d 10 (2008). "Regulations, like statutes, are interpreted according to the cannons of construction." *Black & Decker Corp. v. Comm'r*, 986 F.2d 60, 65 (4th Cir.1993); *see also Smith v. Brown*, 35 F.3d 1516, 1523 (Fed.Cir.1994) ("The cannons of construction of course apply equally to any text and not merely statutes."). Neighboring Rule 10(e) clearly distinguishes between "correspondence" and a return receipt "postcard" by explicitly providing that a petition for consideration of correspondence not received by the agency must include "a copy of the originally deposited paper(s) or fee(s) that constitute the correspondence showing the number of the 'Express Mail' mailing label thereon," and "a copy of any returned postcard receipt [.]" 37 C.F.R. § 1.10(e)(3). The USPTO's separate and distinct use of the terms "the paper(s) and fee(s) constituting the "correspondence" and "postcard" demonstrates that the agency intended to convey a different meaning for each of the terms. *See Padash v. INS*, 358 F.3d 1161, 1169 n. 7 (9th Cir.2004); *Cunningham v. Scibana*, 259 F.3d 303, 308 (4th Cir.2001) ("Although [ ] two terms are quite similar, we must assume that Congress made a deliberate choice to use different language.").

The agency's intent to exclude return receipt postcards from "the paper(s) or fee(s) that constitute the correspondence" is further demonstrated by the procedures the agency set forth in the Manual of Patent Examining Procedure ("MPEP"),[4] which both parties cite in their respective briefs. The MPEP provides that "[i]f a receipt for any item (e.g., paper or fee) filed in the USPTO is desired, it may be obtained by enclosing with the paper a self-addressed postcard specifically identifying the item." MANUAL OF PATENT EXAMINING PROCEDURE § 503 at 500–23 (8th ed. 6th r. Sept. 2007), *available at http://www.uspto.gov/web/offices/pac/mpep/mpep.htm.* Further, the MPEP states that the "USPTO will stamp the receipt date on the postcard and place it in the outgoing mail. A postcard receipt which itemizes and properly identifies the items which are being filed serves as *prima facie* evidence of receipt in the USPTO of all the items listed thereon...." *Id.* Thus, it is clear that a return receipt postcard serves no purpose other than to provide an applicant with an acknowledgment that the USPTO received his or her application documents and fees filed with the USPTO by utilizing the USPS's "Express Mail" service. Because the USPTO does not retain the postcard, but rather returns it to the applicant, the postcard is not a part of "the paper(s) or fee(s) that constitutes the correspondence" filed with the agency; its returned to the applicant.

Given the USPTO's separate and distinct use of the terms "the paper(s) or fee(s) that constitute the correspondence" and "postcard," the Court finds that the agency's exclusion of the return receipt postcard from "the paper(s) or fee(s) that constitute correspondence" for purposes of Rule 10(d) is not plainly erroneous or inconsistent with the agency's regulations governing the filing of patent applications. Exclusion of Plaintiff's return receipt postcard from "the paper(s) or fee(s) that constitute the correspondence" is a "permissible reading" of the agency's regulation; thus, the Court must defer to the agency's interpretation and decision. *Holowecki*, 128 S.Ct. at 1155. As such, the USPTO's decision to deny Plaintiff's petition to mod-

---

4. The MPEP reflects on the "practice in the [US]PTO," *McKesson Info. Solutions v. Bridge Med., Inc.*, 487 F.3d 897, 923 (Fed.Cir.2007), and is "entitled to deference from the judiciary." *Heinl v. Godici*, 143 F.Supp.2d 593, 601 n. 15 (E.D.Va.2001).

ify the filing date accorded his patent application is not arbitrary and capricious. Plaintiff's Motion for Summary Judgment is accordingly denied. The Court grants Defendant's Motion for Summary Judgment.

## III. CONCLUSION

The Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment because the USPTO's interpretation of the term "the paper(s) or fee(s) that constitute the correspondence" contained in Rule 10(d) as excluding return receipt postcards is not plainly erroneous or inconsistent with the agency's regulation. Hence, the USPTO's denial of Plaintiff's petition to modify the filing date the agency accorded his patent application is not arbitrary and capricious within the meaning of the APA. Accordingly, it is hereby

ORDERED that Plaintiff Peter O'Shannessy's Motion for Summary Judgment is DENIED. It is further

ORDERED that Defendant John J. Doll, Commissioner of Patents's Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendant John J. Doll, Commissioner of Patents, and against Plaintiff Peter O'Shannessy in a separate final judgment order.

The Clerk is directed to forward a copy of this Order to counsel of record.